UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. 3:15-CR-094 JD |
| | ) | |
| JAMES JOHNSON | ) | |

## OPINION AND ORDER

This matter is before the Court on defendant James Johnson's unopposed motion to withdraw his plea of guilty. On November 2, 2015, Mr. Johnson filed a plea agreement to an information charging him with possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). The plea agreement stated that the maximum term of imprisonment for that offense is 10 years. At the change of plea hearing on November 10, 2015, Mr. Johnson was advised of that same penalty by the Magistrate Judge, without correction by counsel for either the defendant or the government. Neither party objected to the Magistrate Judge's report and recommendation, so the Court adopted that report and recommendation and accepted Mr. Johnson's plea of guilty. However, Mr. Johnson has three prior convictions for burglary, so he may be subject to enhanced penalties under the Armed Career Criminal Act, 18 U.S.C. § 924(e), in which case he would face a mandatory minimum term of 15 years of imprisonment. Because that was a possibility that neither the defendant, his previous counsel, nor the government had apparently contemplated, Mr. Johnson has now filed an unopposed motion to withdraw his plea of guilty to this charge.

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, "A defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "One 'just and fair reason' for withdrawing a defendant's plea of guilty is that the plea was not voluntarily made." *United States v. Bowlin*, 534 F.3d 654, 660 (7th Cir. 2008).

Likewise, "[a] guilty plea taken without attention being given to the matters set for in Rule 11 could constitute a 'fair and just' reason justifying the request for withdrawal of a plea." *United States v. Fard*, 775 F.3d 939, 943–44 (7th Cir. 2015). Here, the Court agrees with the parties that Mr. Johnson has presented a fair and just reason for withdrawing his guilty plea because he was not accurately advised of the potential penalties that could result from pleading guilty to this charge. Mr. Johnson was advised in both his plea agreement and the change of plea hearing that the maximum term of imprisonment he could face on this charge was 10 years. However, he may actually be subject to a term of imprisonment of at least 15 years, and up to life. Because Mr. Johnson was not advised of that possibility, as is required by Rule 11(b)(1)(H) and (I), the Court cannot conclude that Mr. Johnson's plea was made knowingly and voluntarily.

Accordingly, the Court finds that Mr. Johnson has presented a fair and just reason for withdrawing his plea, so his motion [DE 21] is GRANTED and his plea of guilty is WITHDRAWN.

SO ORDERED.

ENTERED: April 13, 2016

/s/ JON E. DEGUILIO
Judge
United States District Court